UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-529-FDW
(3:13-cr-277-FDW-2)

| | |
|---|---|
| CORY LAMAR TALBERT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

I.  RELEVANT BACKGROUND

On December 19, 2013, Petitioner pled guilty in the District Court, pursuant to a plea agreement, to one count of Armed Bank Robbery By Force or Violence, in violation of 18 U.S.C. § 2113(a) and (d), and one count of Brandishing a Firearm During and In Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c). The Court sentenced Petitioner on December 2, 2014, to a total of 90 months imprisonment. (Judgment, Criminal Case No. 3:13-cr-277-FDW-2, Doc. No. 67.) Petitioner did not file a direct appeal.

Petitioner filed the instant § 2255 Motion to Vacate on June 23, 2016, when he placed it in the prison mail system, see Houston v. Lack, 487 U.S. 266, 267 (1988). (Civil Case No. 3:16-cv-529, Doc. No. 1.) He seeks to have his § 924(c) conviction vacated under Johnson v. United States, 135 S. Ct. 2551 (2015).

II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United

1

States District Court, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If it plainly appears that the petitioner is not entitled to relief, the court must dismiss the motion. See id.

### III. DISCUSSION

In Johnson v. United States, the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) is unconstitutionally vague. 135 S. Ct. 2551, 2558 (2015). Under the ACCA, a defendant faces a sentence of no less than 15 years in prison if he has three qualifying prior convictions for either a "violent felony" or a "serious drug offense," and those convictions are "committed on occasions different from one another." § 924(e)(1). The ACCA defines a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§ 924(e)(2)(B)(i)(ii) (emphasis added). The italicized closing words of § 924(e)(2)(B)(ii) constitute the ACCA's residual clause. See Johnson, 135 S. Ct. at 2556. Thus, a defendant who was sentenced to a mandatory minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition of the ACCA is entitled to relief from his sentence. In Welch v. United States, the Supreme Court held that the ruling in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257, 1268 (2016).

Petitioner was not convicted under § 924(e). He was convicted under § 924(c)(1)(A), which provides for the punishment of anyone "who, during and in relation to any crime of

2

violence or drug trafficking crime . . ., uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." "Crime of violence" in § 924(c)(1) is a defined term: an offense that is a felony and —

>   (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
>   (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3).

Petitioner's armed bank robbery conviction served as the predicate "crime of violence" for his § 924(c) conviction. Because of the similarity between § 924(c)(3)(B) and the residual clause struck down as unconstitutionally vague in Johnson, Petitioner contends that § 924(c)(3)(B) also is unconstitutionally vague, and that his armed bank robbery conviction is no longer considered a "crime of violence" in the context of § 924(c).

Petitioner's argument is foreclosed by the Fourth Circuit's decision in McNeal v. United States, 818 F.3d 141 (4th Cir. 2016), cert. denied, No. 16-5017, (U.S. Oct. 3, 2016). In McNeal, the Fourth Circuit held that bank robbery under 18 U.S.C. § 2113(a) is a crime of violence under the "force clause" of § 924(c) because bank robbery "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[1] 818 F.3d at 152 (quoting United States v. Adkins, 937 F.2d 947, 950 n.2 (4th Cir. 1991) (quoting 18 U.S.C. § 924(c)(3)(A))). Notably, Johnson left the "force clause" of the ACCA, § 924(e)(2)(B)(i), intact. See 135 S. Ct. at 2563. Consequently, Petitioner has no grounds for relief under Johnson, and his § 2255 Motion must be dismissed.

---

[1] Petitioner mistakenly refers to his bank robbery offense as a "Hobbs Act" robbery. A "Hobbs Act" robbery is one that interferes with commerce by threats or violence in violation of 18 U.S.C § 1951. Petitioner's armed bank robbery conviction was for violating 18 U.S.C. § 2113(a) & (d).

**IT IS, THEREFORE, ORDERED THAT:**

1. The § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED**; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: December 5, 2016

Frank D. Whitney
Chief United States District Judge